2 F.3d 1150
 RICO Bus.Disp.Guide 8369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willard A. SULLIVAN, Appellant,
v.
UNITED CAROLINA BANK, Plaintiff-Appellee,
v.
Donald C. CARMAN; Emma Lou Carman; Oceana Corporation, a
South Carolina Corporation; Lexington Oil Corporation, a
Delaware Corporation; D.C. Industries, a Corporation,
Defendants.
 No. 92-2301.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 12, 1993.
Decided: August 13, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CA-85-1481-2)
 Argued: Willard A. Sullivan, Charleston, West Virginia, Appellant.
 David Dale Johnson, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, West Virginia, for Appellee.
 On Brief: James H. Coleman, Malden, West Virginia, for Appellant.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Attorney Willard A. Sullivan represented Donald C. Carman, Carman's wife, and various corporations closely held by Carman in an action against them by United Carolina Bank (UCB) to collect on promissory notes held by UCB. Acting on behalf of these clients, Sullivan filed a counterclaim against UCB which alleged, among other things, that UCB had conspired to cause financial harm to Carman in violation of the Racketeer Influenced and Corrupt Organizations provisions, 18 U.S.C.A. Secs. 1961-68 (West 1984 & Supp. 1993) (RICO). The counterclaim sought $5 million in compensatory damages and the net worth of UCB in punitive damages. After the district court granted summary judgment in favor of UCB, UCB moved for sanctions against Sullivan pursuant to Federal Rule of Civil Procedure 11. During an evidentiary hearing conducted on this motion, Sullivan was questioned at length by the court concerning his pre-filing investigation and the evidence in his possession to support the allegations contained in the RICO counterclaim. The district court concluded that Sullivan had failed to make an adequate investigation prior to filing the counterclaim and that no reasonable attorney would have believed that the RICO counterclaim was well grounded in fact on the basis of the information Sullivan possessed. Consequently, the district court imposed sanctions on Sullivan.* Sullivan appealed the imposition of sanctions, and we affirmed on the reasoning of the district court. United Carolina Bank v. Carman, Nos. 90-1830, 90-1845 (4th Cir. Oct. 8, 1991) (unpublished) (per curiam).
 
 
 2
 Thereafter, Sullivan moved pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment on the basis that Carman had subsequently pled guilty to federal charges stemming from his conduct with respect to UCB. Sullivan claimed that had he known that Carman was defrauding UCB, he would not have filed the RICO counterclaim. The district court denied relief, reasoning that Sullivan's motion was not timely filed under Rule 60(b) and that, in any event, Sullivan's assertion of Carman's fraud was not an adequate basis for relieving Sullivan from judgment. Sullivan again appeals.
 
 
 3
 We agree with the district court that Sullivan's motion was not timely filed and that Carman's deception of Sullivan does not provide an adequate excuse for Sullivan's filing of the RICO counterclaim without supporting facts. Finally, we note that Sullivan was not denied due process in either the initial sanctions hearing or by the failure of the district court to conduct a hearing on Sullivan's Rule 60(b) motion. Consequently, we affirm the decision of the district court.
 
 AFFIRMED
 
 
 *
 The issue of sanctions imposed against several of Sullivan's clients is not before us